**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

DAVID ELIJAH BOWERS, JR.,

               Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION and FRANK
BISIGNANO,

               Defendants.

Case No. 26-CV-1118-JPS

**ORDER**

In April 2026, Petitioner David Elijah Bowers, Jr. ("Bowers"), proceeding pro se, sued Defendants in the Eastern District of New York ("EDNY"). ECF No. 1. Defendants later moved for a more definitive statement, ECF No. 3 (citing 42 U.S.C. § 405(g)), but the EDNY court transferred the case to the Eastern District of Wisconsin ("EDWI") without ruling on the motion. ECF No. 4. The case was then assigned to this branch of the court for further disposition.

This action is by no means the first of Bowers's that the Court has considered. In September 2025, the Court recounted Bowers's litany of frivolous actions in this district. *Bowers v. State of Wisconsin et al.*, No. 25-CV-963-JPS (E.D. Wis. July 7, 2025) ("2025 Case"), ECF No. 9 at 6–8. The Court then barred Bowers from "filing any paper in any case in [the EDWI], including new lawsuits related to different facts than those set forth in [that] [o]rder, until he has fully paid the $1,000.00 fine imposed by" the order. *Id.* at 9.

As the EDNY judge observed, the complaint in this action is "difficult to understand and consist[s] of . . . disjointed allegations that

repeatedly shift between subjects without presenting a clear statement of the relevant facts or a coherent legal basis for the claims." ECF No. 4 at 1. Further, it "does not contain sufficient factual allegations to determine" what decision regarding social security Bowers is contesting, "whether [he] was denied Social Security benefits, or the basis upon which he seeks relief." *Id.* at 2. The EDNY judge transferred the case to the EDWI because "[t]o the extent the [c]ourt [could] discern Bowe[rs's] allegations, they arise from events that allegedly occurred in Milwaukee, Wisconsin," which lies in the EDWI. *Id.*

Because Bowers's complaint is so difficult to decipher, it likely fails to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to state a claim, a complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))); *see also* FED. R. CIV. P. 8(a)(2). The Court need not reach this finding, however, because if Bowers had attempted to file his complaint here in the first instance, the Clerk's Office would have returned it unfiled due to the filing bar in place. *See* 2025 Case, ECF No. 9 at 10. The Court will not permit Bowers to circumvent the filing bar by improperly filing cases venued here in other districts and waiting for transfer to the EDWI. This case is subject to the September 2025 filing bar and must therefore be dismissed. If Bowers wishes to bring this case here, he may pay the $1,000.00 fine, thereby lifting the filing bar in this District.

The Court will further instruct the Clerk's Office to automatically administratively close any case filed by Bowers that is transferred to the EDWI until such a time as Bowers pays the $1,000.00 fine in full. And Defendants' motion for a more definite statement will be denied as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants the Social Security Administration and Frank Bisignano's motion for a more definite statement, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that, in light of the $1,000.00 fine that the Court imposed on Plaintiff David Elijah Bowers, Jr. in Case No. 25-CV-963-JPS, and the corresponding filing bar, the Clerk of Court shall **ADMINISTRATIVELY CLOSE** any future cases that are filed by Bowers and then transferred to the Eastern District of Wisconsin.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.